IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr288-MEF-WC |
| | ) | |
| PETER HAROLD VARLEY | ) | |

**UNITED STATES'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE
PURSUANT TO FED.R. CRIM.P. 21(b)**

COMES NOW, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby files its opposition to Defendant's Motion to Transfer Venue from the Middle District of Alabama to the Northern District of Illinois. In support thereof, the United States asserts the following:

**I.     Procedural Background**

On December 13, 2006, a grand jury sitting for the Middle District of Alabama, returned a six-count indictment against Peter Harold Varley, (hereinafter "Varley"). Varley was charged in counts 1, 3 and 4, with the use and attempted use of the mail and any facility and means of interstate and foreign commerce, to knowingly transfer obscene matter to another individual who had not attained the age of 16 years, the defendant knowing that the individual had not attained the age of 16 years, in violation of Title 18, United States Code, Section 1470. Varley was charged in counts 2, 5 and 6, with knowingly transporting in interstate and foreign commerce by any means, including by computer, child pornography, that is, Varley transported images depicting an adult male engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(1).

On December 20, 2006, the defendant was arrested in Wheeling, Illinois, and was

released with special conditions, to include electronic monitoring. On January 2, 2007, a motion to transfer venue was filed on behalf of the defendant (Doc. 5). On January 3, 2007, Varley had an initial appearance in the Middle District of Alabama. The defendant was arraigned and entered a plea of not guilty to all charges. (Docs. 8, 9).

On January 11, 2007, this court entered an order that the government show cause on or before January 18, 2007, why the motion to transfer venue should not be granted. (Doc. 13). On January 18, 2007, the government file an unopposed motion for a one day extension of time in which to respond to the defendant's motion to transfer (Doc. 5), and the court's show cause order (Doc. 13).

## II.     Pertinent Facts

On September 27, 2005, Lt. William J. Hough of the Tallapoosa County Sheriff's Department, Dadeville, Alabama, established the undercover persona of a 14-year-old female named "Kathy Montgomery" who resided in Alabama. Kathy's screen name was "SthNBelle." Using the screen name SthNBelle, Lt. Hough entered a chat room entitled "Family Sex."

While in the chat room, SthNBelle was contacted by an individual who identified himself as "Pete46." It should be noted that all communications between SthNBelle and Pete46 were from Dadeville, Alabama, in the Middle District of Alabama. During the first day of chatting, the following conversation ensued:

>     <Pete46>can I ask your age? young is fine.
>     <SthNBelle> 14.
>     <Pete46>that's a great age.
>     <Pete46> let's see, male, 46 years old, live in the midwest US, 6"tall, 210 pounds, blue eyes, salt & peper hair.   A horny uncle type. LOL
>     <SthNBelle> im in alabama

The defendant immediately began to inquire into sexual subject matters. Between September 27, 2005, and October 17, 2005, the defendant used his computer to transmit obscene matters and sexually explicit conduct of minor children to Lt. Hough, as charged in the indictment.

The defendant was identified and his location was determined to be in Wheeling, Illinois. With the assistance of Postal Inspector Natalie Reda, Chicago Division, a photograph of the defendant was obtained from the Secretary of State driver's license database, which was compared to the photographs the defendant sent to SthNBelle (Lt. Hough).

On December 5, 2005, Postal Inspector P.D. Steele obtained a Federal search warrant for the defendant's residence in Wheeling, Illinois. The search warrant was executed on December 9, 2005. Varley also gave written consent to the search of his residence. During an interview with Varley, he admitted that he had entered a chat room called "familysex."

Forensic analyses were performed by Postal Inspector D.G. Dorman of the United States Postal Inspection Service, Atlanta, Georgia. Kelly Argoe, Staff Analyst in the Child Victim Identification Program, National Center for Missing and Exploited Children in Alexandria, Virginia, successfully identified twelve (12) series of known minors, who had been previously identified as real children.

### III.   Legal Argument

#### A.   The Middle District of Alabama Is The Appropriate Venue For This Case

As a preliminary matter, the government submits that the defendant personally chose the Middle District of Alabama as the appropriate venue when he selected the alleged victim in this case. The Government admits that, because of the nature of the charge, the offenses alleged, and

3

the criminal activity, venue would be proper as to all counts in a host of Federal Districts from the Northern District of Illinois, where the offense began, continuing across several federal districts to the Middle District of Alabama, where the crime ended.

    **B.    Defendant Has Failed to Meet his Burden of Demonstrating That Transfer Is Warranted in This Case**

Rule 21(b) of the Federal Rules of Criminal Procedure provides:

> For the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district.

A trial court has broad discretion in ruling on a Rule 21(b) motion. United States v. Mulherin, 529 F.Supp. 916, 928 (S.D. Ga. 1981)(Bowen, J.), aff'd, 710 F.2d 731 (11th Cir.), cert. denied, 465 U.S. 1034 (1983). A trial court's ruling upon a Rule 21(b) motion will not be reversed absent a clear abuse of discretion and prejudice to the defendant. United States v. Fagan, 821 F.2d 1002, 1007-08 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988).

Courts will shift the Government's choice of venue only if a defendant makes a showing of "substantial inconvenience." United States v. Wecker, 620 F. Supp. 1002, 1004 (D. Del. 1985); United States v. Boffa, 557 F.Supp. 306, 315 (D.Del.), aff'd, 723 F.2d 899 (3rd Cir. 1983), cert. denied, 465 U.S. 1066 (1984). Only "rarely and for good cause should a prosecution be withdrawn by a judicial act from the court in which it was brought." Wecker, 620 F. Supp. at 1004 (quoting United States v. Jones, 43 F.R.D. 511, 514 (D.D.C. 1967)). The moving party bears the burden of setting forth facts sufficient to warrant a transfer to a different district. See United States v. Vasta, 649 F. Supp. 974, 979 (S.D.N.Y. 1986); United States v. Persico, 621 F. Supp. 842, 858 (S.D.N.Y. 1985), aff'd, 774 F.2d 30 (2nd Cir. 1985). In a multiple defendant case,

courts make separate determinations as to whether each moving party has met his, her or its burden.

The Supreme Court outlined ten (10) factors for courts to consider in determining whether a case should be transferred in the "interest of justice" as required by Rule 21(b), including: (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other elements which might affect transfer. Platt v. Minnesota Mining Co., 376 U.S. at 240, 243-44 (1964).

A review of the Platt factors reveal that this Defendant has not sustained his burden of demonstrating facts sufficient to compel the transfer of this case:

**1.     Location of Defendant**

Criminal defendants have no constitutional right to a trial in their home districts. Platt, 376 U.S. at 245; United States v. Aronoff, 463 F. Supp. 454, 457 (S.D.N.Y. 1978). The home of a defendant has no independent significance in determining whether transfer to that district would be in the interest of justice. Platt at 245-46; see also United States v. Bagnell, 679 F.2d 826, 832 (11th Cir. 1982)(providing that a defendant's concerns regarding the expense and inconvenience of a trial away from residence are ordinarily of little relevance to a motion for change of venue); United States v. Donato, 866 F. Supp. 288, 293 (W.D. Va. 1994) (defendants' residence has no independent significance apart from other factors militating in favor of transfer).

In the present case, the Defendant alleges that he has never resided in the Middle District

of Alabama and has no acquaintances of any kind here. (Doc. 5, p. 1). Despite the defendant's lack of acquaintances in the Middle District, the defendant elected to transport, via the Internet, obscene and sexually explicit matters into this district.

### 2. Location of Witnesses

The defendant contends that his character witnesses, wife and daughter, are all in Illinois (Doc. 5, p. 2), and that all of the evidence regarding the search of his residence would "necessarily be presented by law enforcement officials who resided in Chicago." Id. at p. 2). The government disagrees. The defendant speculates about the location and number of witnesses they think might be called by the Government in this case. To the contrary, the government's witnesses are from several locations, to include, Chicago, Virginia, Georgia and Alabama. Therefore, defendant's contentions are inaccurate. While a witness list has not been finalized, the Government anticipates calling witnesses from the above locations. It stands to reason that Virginia, Georgia and Alabama are in closer proximity to each other than they would be collectively to Chicago.

Contrary to the Defendant's assertions, the overwhelming majority of the Government's potential witnesses reside far away from the Northern District of Illinois. Certainly, the location of the potential Government witnesses weighs heavily against a transfer.

Defendant also alleges that a majority of his own potential witnesses reside in the Chicago area. However, the defendant has not demonstrated that his witnesses could not or would not testify in this District. See Wecker, 620 F.Supp. at 1005; see also United States v. Baltimore & Ohio R.R., 538 F.Supp. 200, 205 (D.D.C. 1982)(declining to transfer case in part because defendant had failed to show that any witness would be greatly inconvenienced by a trial

in this district).

### 3. **Location of Events in Issue**

As described in the Indictment, the criminal activities engaged in by the defendant were executed through the Internet. In a case of first impression, United States v. Rowe, 414 F.3d 271, 277 (2d Cir. 2005), the Second Circuit decided what a proper venue is for a Section 2251(c), prosecution. The case involved defendant Rowe publishing an internet advertisement to trade child pornography on the Internet. The Second Circuit held,

> "Rowe must have known or contemplated that the advertisement would be transmitted by computer to anyone the whole world over who logged onto the site and entered the chat room...It is clear that the chat room could be entered in this district and in fact was entered in this district...It is clear that both statutes and the case law and the Constitution permits crimes of this sort to be prosecuted in any jurisdiction where any part of the crime occurred....

Rowe, at 278.

In other words, the Government expects to prove that the crime was completed when Lt. Hough received the obscene material and the images of minors engaged in sexually explicit conduct.

In addition, the heart of the prosecution's case is the fact that the alleged minor child resides in Alabama. The mere fact that Varley intended to transmit obscene material and images of minors engaged in sexually explicit conduct to a female Varley believed to be 14 years of age, is of great significance. The government submits that this fact should be important in making a decision to transfer a case of this nature for the convenience of the defendant. The question becomes, would the case be transferred if Lt. Hough had been a fourteen year old female? Would a fourteen year old be required to travel with parents to prosecute a case against a similar

defendant, for the defendant's convenience?

    **4.**    <u>**Location of Documents and Records**</u>

Defendant asserts that because a majority of the evidence from the search is in Chicago, that is a factor the court should consider. In response, the government submits that the evidence was examined in Alexandria, Virginia and Atlanta, Georgia. The witnesses from the two areas are closer to Alabama than they would be to Illinois. The actual images are in the custody of Postal Inspectors in the Middle and Northern Districts of Alabama. Again, the documents seized during the execution of federal search warrants were moved in order to be analyzed. The location of the documents weighs against a transfer of this case.

If the defendant wants to have the capability of examining the evidence to rebut the government's case at trial, the government would be unable to turn the images over to the defendant because they are considered contraband. Therefore, any argument that the defendant would need the evidence closer to his attorney, is merely speculative at this juncture and should not be given great weight. For the reasons noted, Defendant has not demonstrated that the location of the evidence in this case necessitates a transfer of this case to the Northern District of Illinois.

    **5.**    <u>**Disruption of Defendant's Business**</u>

Business inconvenience is inevitable for defendants in a criminal case. <u>United States v. McDonald</u>, 740 F.Supp. 757, 763 (D. Alaska 1990); <u>United States v. Daewood Industrial Co., Ltd.</u>, 591 F.Supp. 157, 162 (D. Or. 1984); <u>United States v. Culoso</u>, 461 F.Supp. 128, 136 (S.D.N.Y. 1978), <u>aff'd</u> 607 F.2d 999 (2nd Cir. 1979). "Wherever the trial takes place, it is the fact of the trial, not its situs, which will be the preoccupying factor tending to distract [a defendant]

from the performance of his . . . business." United States v. McDade, 827 F.Supp. 1153, 1190 (E.D.Pa. 1993).

In the present case, this factor is not applicable since the Defendant "has not had regular employment of any significance since about 1992." (Doc. 5, p. 2). This factor does not compel transfer.

**6.      Expense to the Parties**

The Defendant contends that it would be significantly more expensive to stand trial in this District than in the Northern District of Illinois. Varley argues that he would be forced to incur enormous travel and lodging expenses for himself and his family. (Doc. 5, p. 2-3). First, the Eleventh Circuit has determined that a defendant's concerns about the expense and inconvenience of being tried away from home "are ordinarily of little relevance to a motion for a change of venue." United States v. Bagnell, 679 F.2d 826, 832 (11th Cir. 1982). The Defendant will incur attorney's fees and litigation expenses wherever the trial is held. Any added expense of transporting witnesses who may appear on a defendant's behalf does not justify transfer in the interest of justice. See United States v. Binder, 794 F.2d 1195, 1200 (7th Cir.), cert. denied, 479 U.S. 869 (1986). (There is "no prejudice to [defendant's] rights to due process or a fair trial due to the expense of non-resident witnesses traveling to Illinois to testify.").

Second, numerous courts have indicated that the primary issue to be determined is the ability to endure additional expenses rather than the amount of additional expenses. See United States v. Spy Factory, Inc., 951 F.Supp. 450, 459 (S.D.N.Y. 1997); Wecker, 620 F.Supp. at 1005; Baltimore & Ohio R.R., 538 F.Supp. at 205. Other than conclusory statements in a brief, the Defendant has not shown that he will be incapable of financing a defense or unable to secure the

9

testimony of material witnesses in the Middle District of Alabama.

The expenses in arranging for Government counsel and government witnesses would be as costly. Because it is the government's burden to prove its case beyond a reasonable doubt, the government has a greater need to have the convenience of venue. Moreover, the costs to the parties do not compel a transfer of venue.

**7.     Location of Counsel**

The location of defendant's counsel in this case is presently in Montgomery, Alabama. That is, the defendant had retained the representation of William R. Blanchard, who is competent counsel. The defendant is entitled to competent counsel. There is no Constitutional requirement that a defendant be afforded counsel of his choice. Therefore such a factor weighs against a transfer of this case.

**8.     Accessibility of Place of Trial**

As discussed previously, an overwhelming majority of the Government's witnesses will be traveling far away from Illinois. As a result, "[t]he efficiency of modern air transportation renders rather sterile any argument" that one place of trial is more accessible than another. Spy Factory, 851 F.Supp. at 460 (quoting United States v. United States Steel Corp., 233 F.Supp. 154, 158 (S.D.N.Y. 1964)). Moreover, it should be noted that accessibility of the Federal Courthouse in Montgomery, Alabama from the Montgomery Airport far exceeds the log jam of traffic between the Chicago O'Hare Airport and the Federal Courthouse in Chicago, especially during rush hours.

**9.     Docket Condition of Districts**

Although the state of the docket in each District generally is not a basis for denying

transfer since the passage of the Speedy Trial Act, the courts have recognized that "as a practical matter" courts "cannot ignore the reality that certain districts . . . have vast criminal dockets, and that [courts] should not contribute to delay by failing to consider this fact when ruling on a motion to transfer." United States v. Donato, 866 F. Supp. 288, 294 n. 3 (W.D. Va. 1994). There can be no dispute that the Northern District of Illinois has a vast criminal docket in comparison to the Middle District of Alabama.

There is no question that this Court will move this case to trial expeditiously. In contrast, the case is likely to be significantly delayed in the Northern District of Illinois. Assuming the Defendant wants speedy justice, as the Government does, such interests are best served by trying this case in this jurisdiction.

**10.   Other Special Elements**

The Government requests the Court to consider two additional "special elements" in its review of the Defendant's Motion to Transfer:

(a)   Setting a Negative Precedent

As previously discussed, the subject matter in this case involves an alleged fourteen year old female who was subjected to images of a minor engaged in sexually explicit conduct. If this case is transferred to Illinois for the sole convenience of the defendant, it would set a negative precedent for prosecution of any defendant who elects to commit crimes against children. This factor weighs heavily against a transfer.

(b)   Judicial Economy Served by a Joint Trial

The defendant fails to make even a colorable claim for a venue change. In the interest of justice to the alleged minor victim and the fact that most of the government's

witnesses and evidence are within the Middle District of Alabama, or in close proximity, the trial of this matter should not be transferred.

Moreover, the defendant has cited no authority in support of his motion.

## CONCLUSION

The defendant has failed to meet his burden of establishing facts which compels transfer to the Northern District of Illinois. An analysis of the Platt factors clearly supports retaining this case in the Middle District of Alabama.

Respectfully submitted this 18th day January, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Tommie Brown Hardwick
>TOMMIE BROWN HARDWICK
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: tommie.hardwick@usdoj.gov
>ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. **3:06cr288-MEF-WC** |
| | ) | |
| PETER HAROLD VARLEY | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: William R. Blanchard.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Tommie Brown Hardwick
    TOMMIE BROWN HARDWICK
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104
    Telephone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: tommie.hardwick@usdoj.gov