IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) CR. NO. 3:06CR288-MEF-WC |
| v. | ) |
| | ) [18 USC 1470; |
| | ) 18 USC 2252A(a)(1)] |
| **PETER HAROLD VARLEY** | ) |
| | ) |

REPLY TO GOVERNMENT'S RESPONSE AND
MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

**COMES NOW** the Defendant, Peter Harold Varley, by and through counsel of record, and files this memorandum in support of his Motion to Transfer Venue (Doc. #5), filed on January 2, 2007.

1. All of the acts alleged to have been done by Peter Harold Varley were done in the Northern District of Illinois. He resides there, with his family. In the family home, there was a computer attached to the Internet. The center of activity involved in this case is the Northern District of Illinois.

2. The substance of the Government's charge is that Mr. Varley used his family computer to transfer images and words, some of which were received by an FBI agent in this District. The criminal activity, if any was engaged in by Mr. Varley, was unquestionably committed in the Northern District of Illinois.

3. Mr. Varley's home was raided in December 2005, and his computer was seized together with other evidence. The Federal officials who conducted the raid all live in Illinois. After the raid, Mr. Varley joined a 12-step program to cure himself from his alleged propensity, by way of compulsive behavior, to engage in the alleged activities. All of the witnesses

1

involving his 12-step recovery program reside in the Northern District of Illinois.

4. Mr. Varley has never been to Montgomery or to the Middle District of Alabama. His long-time legal counsel, George B. Collins of Chicago, passed through Montgomery approximately 40 years ago on one occasion. Mr. Collins has represented Mr. Varley since about 1991 or 1992.

5. The Government candidly admits that "because of the nature of the charge, the offenses alleged, and the criminal activity," venue would be proper in the Northern District of Illinois, which is where the Defendant has his home. (*See section III (A) of the Government's Response in Opposition to the Defendant's Motion to Transfer Venue (Doc. 17)*).

6. The principles underlying the venue provisions of the Federal Rules of Criminal Procedure are well known and understood.

> "There are numerous reasons for these venue provisions. In order that defendants can be tried before a well-informed jury, the Sixth Amendment directs that trial be held among those who know the local conditions surrounding the criminal acts. Those jurors should then be able to draw the most accurate inferences from the evidence presented at trial. The venue provisions also seek to avoid the prejudice to a defendant's case that might result from facing trial in a place where it would be difficult for him to obtain witnesses in preparation for trial. Lastly, since most crimes usually take place in the district where the defendant resides, the venue provisions try to reduce the difficulties to the defendant that would be caused by a trial at a distance from his home and friends."
> U.S. v. DiJames, 731 F.2d 758, 762 (11th Cir. 1984) (*citing* U.S. v. Cores, 356 U.S. 405, 410, 78 S. Ct. 875, 879, 2 L. Ed. 2d 873 (1958).

7. Nothing in Rule 21(b) or in the cases interpreting it places on the defendant seeking a change of venue the burden of establishing "truly compelling circumstances" for such a change. It is enough if, all relevant things considered, the case would be better off transferred to another district. Matter of Balsimo, 68 F.3d 185 (7th Cir. 1995).

8. In considering a change of venue to promote convenience, courts consider the comparative burdens imposed upon both the prosecution and the defense in changing and not changing

venue. U.S. v. Stephenson, 895 F.2d 867 (2d Cir. 1990); U.S. v. Zylstra, 713 F.2d 1332 (7th Cir. 1983); Jones v. Gasch, 404 F.2d 1231 (D.C. Cir. 1967). But, as to some factors, the burden imposed on the prosecution may be downgraded in light of the Government's greater resources. Thus, in the federal system, with United States Attorneys offices spread throughout the country, the Government's burden in moving lawyers to another district (or even shifting to different lawyers) may be considered less significant than imposing a similar burden upon the defense. U.S. v. Benjamin, 623 F. Supp. 1204 (D.D.C. 1985); U.S. v. Gruberg, 493 F. Supp. 234 (S.D.N.Y. 1979).

9. An analogous case is found in U.S. v. Muratoski, 413 F. Supp.2d 8 (D.N.H. 2005). In *Muratoski*, a false statement was made in connection with the passport application. *Muratoski* was indicted under 18 USC 1001 at the location of the National Passport Center in New Hampshire. The only thing that happened at the Passport Center was the receipt of the allegedly false application. All of the actions of the defendant Muratoski, his residence, and his employment, were at Chicago, Illinois. The case was transferred to the Northern District of Illinois by Chief U.S. District Judge McAuliffe of the United States District Court for the District of New Hampshire. Near the end of his opinion, Judge McAuliffe wrote:
   > On balance, then, the court is persuaded that the *Platt* factors counsel in favor of transferring this criminal proceeding to a venue closer to defendant's home in Illinois. As the Court of Appeals for the Second Circuit has observed: Recognizing the unfairness and hardship to which trial in an environment alien to the accused exposes him, and the important policies underlying the venue provisions of the Constitution and Bill of Rights, the Supreme Court has declared that venue statutes should, whenever possible, be construed so to permit trial at the residence of the defendant. U.S. v. Cashin, 281 F.2d 669, 675 (2d Cir. 1960) (citing U.S. v. Johnson, 323 U.S. 273, 275, 65 S. Ct. 249, 89 L. Ed. 236 (1944).
   > Id. at 12.

10. This Defendant resides in the Northern District of Illinois, and substantially every act of any kind that he has done for at least the last 20 years, has occurred in the Northern District of Illinois. What he did and why he did it can only be proven by witnesses in the Northern District of Illinois. Defendant has no connection whatever with the Middle District of

Alabama. The Court does have authority to make this transfer in the interest of justice. U.S. v. Herold, 309 F. Supp. 997, 998 (E.D.Wis. 1970). The hardship on the defendant from trying a case away from home may be considered. U.S. v. Aronoff, 463 F. Supp. 454, 460 (S.D.N.Y. 1978). The location of the bulk of the witnesses is a factor to be considered. Id. at 457; U.S. v. Daewoo Indus. Co., Ltd., 591 F. Supp. 157, 160 (D.C.Or. 1984). The center of gravity of the case is plainly the Northern District of Illinois, and that is a factor in transfer. U.S. v. Hurwitz, 573 F. Supp. 547 (S.D.W.Va. 1983). The factors enumerated in Platt v. Minnesota Mining & Mfg., 376 U.S. 240, 243-244 [under a prior Rule 21(b)] indicate transfer.

11. We recognize the respect to be given to the Government's choice of venue. However, in this case, the Defendant, who is not wealthy, can better defend himself in his home district. The prosecution will necessarily involve bringing witnesses from the Chicago area to Montgomery. The only witness from Middle District of Alabama should be the FBI agent in charge of receiving and sending allegedly pornographic materials. Even if, as suggested in the Government's response, Government witnesses will have to be brought to Chicago from Atlanta and Virginia, the burden upon the Government and its vastly superior resources in this regard is minimal as compared to the burden upon the Defendant in not only transporting himself to the Middle District of Alabama and housing himself here for any necessary hearings and the ultimate trial, but also incurring the same expense for each of his witnesses, all of whom will have their homes in and around Chicago, Illinois.

**Conclusion**

Defendant prays that the case be transferred to the Northern District of Illinois, in the interests of justice, and in accordance with Rule 21(b) of the Federal Rules of Criminal Procedure.

**RESPECTFULLY SUBMITTED** this 24th day of January 2007.

            <u>s/ William R. Blanchard</u>
            **WILLIAM R. BLANCHARD (BLA029)**
            Attorney for the Defendant
            BLANCHARD LAW OFFICES
            505 South Perry Street
            Post Office Box 746
            Montgomery, Alabama 36101-0746
            Office: (334) 269-9691
            Fax: (334) 263-4766
            bill@blanchardlaw.com

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) CR. NO. 3:06CR288-MEF-WC |
| **v.** | ) |
| | ) [18 USC 1470; |
| | ) 18 USC 2252A(a)(1)] |
| **PETER HAROLD VARLEY** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA Tommie Hardwick, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a.

        Respectfully submitted,

        **s/ William R. Blanchard (BLA029)
        BLANCHARD LAW OFFICES
        505 South Perry Street
        Post Office Box 746
        Montgomery, Alabama 36101-0746
        Office: (334) 269-9691
        Fax: (334) 263-4766
        bill@blanchardlaw.com**