IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cr-288-MEF |
| | ) | |
| PETER HAROLD VARLEY | ) | |

# **O R D E R**

This cause is before the Court on Defendant's Motion to Transfer Venue (Doc. # 5) filed on January 2, 2007. The Court has considered the arguments in support of and in opposition to the motion and finds that it is due to be GRANTED.

Defendant Peter Harold Varley ("Varley") seeks to have this cause transferred from the Middle District of Alabama to the Northern District of Illinois. Varley invokes Federal Rule of Criminal Procedure 21(b), which states that, upon motion by the defendant, a court "may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." While the government contends that Varley has not met his burden of demonstrating facts sufficient to compel transfer of this action,[1] the Court finds that the interests of justice are met by transferring this action to the Northern District of Illinois.

---

[1] The government cites *Platt v. Minnesota Mining Company*, 376 U.S. 240 (1964) for the following list of factors a court should considering in determining whether a case should be transferred in the "interest of justice": (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other elements which might affect transfer.

While several factors weigh heavily in favor of transfer, one that the Court wishes to address at this time is the fact that only one material witness resides in the Middle District of Alabama and that witness is an FBI agent. In its Response in Opposition to Defendant's Motion to Transfer Venue, the government repeatedly reminds the Court of the hypothetical minor child involved in this case and asks whether "a fourteen year old be required to travel with parents to prosecute a case against a similar defendant, for the defendant's convenience?" *Id.* at 7-8. While this question is posed rhetorically, there is a fairly certain answer. Clearly, the interests of justice analysis would be different if an actual minor child was involved.

For these reasons, it is hereby ORDERED as follows:

(1) The Defendant's Motion to Transfer Venue (Doc. # 5) is GRANTED.

(2) This action is TRANSFERRED to the United States District Court for the Northern District of Illinois.

DONE this the 31st day of January, 2007.

                                          /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE